|  78 | 309 |
| --- | --- |
| 90 | 474 |

SCHUERMAN, Respondent, vs. MATTHEWS, imp., Appellant.

*November 28 — December 16, 1890.*

*Creditors' suit: Pleading: Objection not raised below.*

In a creditor's suit under sec. 3029, R. S., the objection that the complaint does not contain all the averments required by Circuit Court Rule XXVIII, is not available if raised for the first time in this court.

APPEAL from the Circuit Court for *Racine* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced April 23, 1888, for the purpose of having a deed from H. H. Mead and wife to *L. G. Matthews* adjudged to be fraudulent as against the plaintiff, and the title secured thereby to be held in trust for the defendant H. G. Matthews, and subject to the payment of the plaintiff's claims, and for an accounting to ascertain the amount of the purchase money paid therefor chargeable against the title, and of the value and interest of H. G. Matthews in all the personal estate upon the homestead

Schuerman vs. Matthews.

occupied by him or on said land, and for the appointment of a receiver, and that said H. G. and *L. G. Matthews* assign and transfer to said receiver the interest which the said H. G. Matthews had in said property, and to bar the other defendants. The defendant *L. G. Matthews* answered the said complaint, which answer, and all other answers in the case, were, on or about July 19, 1888, stricken out as sham and frivolous, with leave to serve an amended answer. August 10, 1888, the defendant *L. G. Matthews* served and filed therein an amended answer consisting of denials and admissions. December 28, 1888, the venue in said cause was changed to Racine county, on the ground of the prejudice of the judge.

None of the defendants answered except *L. G. Matthews*. The issue formed by the complaint and his amended answer came on to be heard before the court, and on the close of the trial the said court made and filed findings of fact to the following effect:

(1) That November 11, 1880, the plaintiff recovered a judgment in the circuit court of Fond du Lac county against the defendant H. G. Matthews for $5,874, and the same was on that day docketed in the clerk's office of that county.

(2) That afterwards execution was duly issued on said judgment and returned unsatisfied; that afterwards, and on March 17, 1887, an *alias* execution was issued upon said judgment, which was afterwards, and before the commencement of this action, returned wholly unsatisfied.

(3) That no part of said judgment has ever been paid except $200 in October, 1881; $1,150.50, August 11, 1887; $1,579.70, August 25, 1887; $768.12, November 17, 1887,— all of which were collected by process of garnishment from persons indebted to said H. G. Matthews, or who held property fraudulently in trust for him; that there is now due and unpaid on said judgment $5,874.01.

(4) That in 1880 the said H. G. Matthews was largely

indebted to the plaintiff and other persons, to an aggregate amount of $25,000, and was unable to pay his said debts, and was totally insolvent; that said indebtedness to the plaintiff was incurred prior to the fraudulent transfers and conveyances and arrangements between said H. G. Matthews, *L. G. Matthews*, and F. L. Hillman, hereinafter specified.

(5) That during July, 1880, the said H. G. Matthews was the owner of real estate in Fond du Lac county, not exempt, to the value of $10,000, besides several thousand dollars worth of personal property not exempt; that he thereupon entered into a fraudulent combination and conspiracy with said Hillman by which the title to all said real estate was put in said Hillman in trust for him, the said H. G. Matthews, and all of said personal property, not exempt, covered by two chattel mortgages, aggregating $3,500, running to said Hillman, which chattel mortgages were fraudulent and fictitious and made for the purpose of hindering, delaying, and defrauding the creditors of said H. G. Matthews; that during the same time, and as a part of said fraudulent arrangement, said H. G. Matthews made an agreement with the said Hillman by which Hillman was to, and thereafter did, lease to the said *L. G. Matthews*, a son of said H. G. Matthews, but really for the benefit of said H. G. Matthews, 160 acres of land described, in said Fond du Lac county, except about one acre, for the nominal and pretended rental of $450 per annum, to be paid nominally by the said *L. G. Matthews*, and that such fraudulent arrangement for so leasing said land was continued by the parties named down to April 4, 1887, during which time said H. G. Matthews continued in the actual possession, and had the benefit of the use of said farm and the usufruct and product thereof uninterruptedly down to said last-named date, and received therefrom large sums of money.

(6) That at or about the time of said fraudulent convey-

ances and leasing the said H. G. Matthews made a voluntary conveyance of certain of his personal property, of considerable value, to the said *L. G. Matthews*, and from time to time thereafter bought and kept in the name of the latter a large amount of personal property which really belonged to H. G. Matthews, with the continuous purpose and intent of hindering, delaying, and defrauding the creditors of said H. G. Matthews; and that all of the personal property upon said farm, during all of said period and to the time of trial, actually belonged to, and was the property of, H. G. Matthews; and that the title thereof had been kept in said *L. G. Matthews* solely for the purpose of preventing the levy of any execution in favor of the plaintiff thereon, and to hinder and delay the plaintiff in the collection of his said judgment.

(7) That April 4, 1887, said real estate was sold on a judgment of foreclosure in favor of Field and against H. G. Matthews and others, and upon said sale the property was bought in by said H. G. Matthews in his own interest and for his own benefit and behoof, but in the name of said H. H. Mead, and thereafter a deed of all of said premises was received from the sheriff thereon in the name of and running to H. H. Mead as grantee, which deed was duly executed and recorded April 5, 1887; that the purchase money paid on said sheriff's sale was furnished and provided by the said H. G. Matthews out of funds belonging to himself, and the title taken in the name of Mead was in fact so taken for and in the interest of said H. G. Matthews.

(8) That as a part of said fraudulent arrangement said Mead thereafter, and on June 23, 1887, conveyed said real estate to said *L. G. Matthews*, by deed duly acknowledged and recorded June 24, 1887, but that the said H. G. Matthews continued in the actual occupation and enjoyment of said premises and the usufruct and product thereof.

(9) That June 23, 1887, the said *L. G. Matthews* executed

to said Mead a mortgage on said real estate for the sum of
$3,500, which mortgage was duly executed and recorded;
that the validity of said mortgage to said Mead was not
litigated in this action, and the rights of the parties thereto
are not determined herein.

(10) That June 23, 1887, *L. G. Matthews* and wife exe-
cuted a mortgage to the defendant Olive Matthews on said
real estate, purporting to secure the payment of $2,300,
which mortgage was recorded December 30, 1889, and the
validity of which was not litigated in this action, and the
same is not determined.

(11) That the defendant Hattie Matthews is the wife of
said *L. G. Matthews*, and she participated in said fraudulent
arrangement, knowing the facts stated; and that any in-
terest claimed by her in said premises is subordinate to and
subject to the rights of the plaintiff.

(12) That there is no other action on behalf of the cred-
itors of said H. G. Matthews now pending, nor any pro-
ceedings supplementary to execution pending against him.

And as conclusions of law the court in effect finds:

(1) That all of the right, title, and interest of said *L. G.
Matthews* in and to said real estate is held by him in fraud
of the creditors of said H. G. Matthews, and in trust for
him, and should be subjected to the lien of the plaintiff's
judgment; that the personal property in and about the
farm is held by said *L. G. Matthews* in trust for said H. G.
Matthews, in fraud of his creditors and of the plaintiff.
(2) That a receiver should be appointed of all said real
and personal estate, having the usual powers and under the
usual obligations. (3) That Owen A. Wells be appointed
such receiver, upon giving the bond required. (4) That
said *L. G.* and H. G. Matthews be ordered by the judg-
ment, within the time named, to assign and convey and de-
liver over to said receiver all of said property, not exempt,
etc. (5) That said H. G. and *L. G. Matthews* be enjoined

and restrained from making any transfer, assignment, or disposition of any of said property, until the further order of the court. (6) That said plaintiff recover of H. G. and L. G. *Matthews* the costs and disbursements of the action, to be taxed. That judgment be rendered and entered in accordance with said findings.

From the judgment entered thereon accordingly the defendant L. G. *Matthews* appeals.

For the appellant there was a brief by *Kate Pier*, attorney, and *C. K. Pier*, of counsel, and oral argument by *C. K. Pier*.

For the respondent there was a brief by *E. S. Bragg*, attorney, and *T. W. Spence*, of counsel, and oral argument by *Mr. Spence*.

CASSODAY, J. After a careful examination of the testimony, we are forced to the conclusion that all the findings of the trial court are sustained by the evidence. No discussion of such evidence would be profitable, or is necessary.

This is a creditors' bill, brought under sec. 3029, R. S. It is claimed that the complaint fails to comply with Circuit Court Rule XXVIII in not alleging the true sum actually and equitably due on the judgment which forms the basis of this action, and also in failing to allege, in effect, that the action was not commenced or prosecuted by collusion with the judgment debtor or for the purpose of protecting his property or effects against the claims of other creditors, but for the sole purpose of compelling payment and satisfaction of the plaintiff's own debt. The complaint sufficiently states the true sum actually and equitably due on the judgment.

It is manifest, from the very nature and purpose of the rule, that it was not prescribed for the benefit and protection of the alleged fraudulent grantor or assignor, nor for

Schuerman vs. Matthews.

the benefit and protection of the alleged fraudulent grantee or assignee, but for the benefit and protection of such other parties as were supposed to be injured by such fraudulent transaction. If in the case at bar the plaintiff was in fact in collusion with the other parties to the alleged fraud, then they necessarily knew it, and such allegation would have been of no benefit to them; whereas, if he was not in such collusion, then such allegation would have been wholly immaterial so far as the parties to the alleged fraud were concerned. But we apprehend the want of such allegation can in no event be available when raised for the first time in this court.

Many other questions are elaborately discussed by counsel for the defendant, but they are either based on an assumed want of sufficient allegations in the complaint, or on an assumed want of evidence sufficient to sustain the findings of the court. Since, after careful consideration, we have reached the conclusions that the evidence is sufficient to support the findings, and the allegations of the complaint are sufficient to support not only the findings but the judgment, it becomes unnecessary to follow counsel into a specific consideration of the various questions he has discussed.

*By the Court.*— The judgment of the circuit court is affirmed.